UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**LEXINGTON**

ROBERT ORMS, et al.,          )
                             )
      Plaintiffs,             )
                             )   Civil Action No. 5:05-257-JMH
v.                            )
                             )
MARILYN F. BAILEY, et al.,    )   **MEMORANDUM OPINION AND ORDER**
                             )
      Defendants.             )
                             )

** ** ** ** **

Defendant East West Motor Express, Inc. ("East West") has filed a motion to vacate [Record No. 29] the final default judgment entered by this court on October 30, 2006 [Record No. 24]. Since final judgment has been entered, the primary issue is whether East West's neglect is excusable within the meaning of Federal Rule of Civil Procedure 60(b). This Court believes it is not.

**I.    PROCEDURAL BACKGROUND**

Plaintiffs amended their complaint, adding East West as a defendant, on August 17, 2005. On September 6, 2005, Plaintiffs filed a waiver of service of summons executed by Bill Stevens, East West's agent for service. The waiver of service included the following language: "I have also received a copy of the complaint, as amended, in the action . . . ." East West did not file an answer, and, on November 28, 2005, Plaintiffs moved for default judgment. On December 19, 2005, this Court granted default judgment, with damages to be determined at a later hearing.

This Court set the damages hearing for October 26, 2006. On

October 17, 2006, at the plaintiffs' request, the Court ordered that "[t]he clerk is directed to serve a copy of the order scheduling a hearing to fix damages on October 26, 2006, at 9:30 a.m. (Document # 16) upon East West Motor Express, Inc., 11740 JB Drive, Black Hawk, South Dakota 57118-9361." [Record No. 19]. East West did not attend the October 26 hearing, and this Court ultimately entered final judgment in favor of the Plaintiffs in the amount of $10,430,029.49 [Record No. 24].

A.   <u>East West's Explanation</u>

William Stevens received the waiver of service, but the amended complaint was not attached.  Mr. Stevens then requested that Judith Schumacher, the Licenses and Permits Administrator for East West, investigate the lawsuit referenced in the waiver of service.  Ms. Schumacher could not find anything regarding Robert Orms in the company's files and was also unable to obtain information regarding the lawsuit from the woman who answered the phone at Plaintiffs' counsel's office.  Neither Mr. Stevens nor any other employee of East West made any further effort to ascertain the meaning of the waiver of service.

Instead, Mr. Stevens, not knowing the effect of executing a waiver of service and never having seen the complaint, executed the waiver and returned it to Plaintiffs' counsel.  Stevens received at least one additional copy of the waiver of service approximately a month later, again with nothing attached.  Mr. Stevens did not make

2

any further attempts to ascertain the substance of the lawsuit. The October 16, 2006 order was sent to East West's main office rather than to Mr. Stevens.

Because of this allegedly excusable neglect, Mr. Stevens did not learn of the details of the action until November 10, 2006, after final judgment had already been entered.

B.   Plaintiffs' Explanation

Plaintiffs claim that they attached the amended complaint to the original waiver of service.  They additionally point out that the second waiver of service referenced in Mr. Stevens' affidavit likely would have been attached to the motion for default judgment Plaintiffs served upon him in November, 2005.

II.  **STANDARD FOR SETTING ASIDE DEFAULT JUDGMENT**

"For good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." Fed. R. Civ. P. 55(c).  However, "once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation." *Waifersong, Ltd. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992). When final judgment has been entered, Federal Rule of Civil Procedure 60(b) applies.  "On motion and upon such terms as are just, the court may relieve a party . . . from a final

3

judgment . . . for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . ." Fed. R. Civ. P. 60(b).

The Court generally balances the defendant's culpable conduct against the existence of a meritorious defense and the existence of prejudice to the plaintiff when considering a motion to set aside default. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983). However, "balancing is demonstrably inappropriate when a court initially proceeds, as in the instant case, under Rule 60(b)(1)." *Waifersong*, 976 F.2d at 292. Instead, the defendant must demonstrate that his default was the product of mistake, inadvertence, surprise, or excusable neglect before it will be permitted to demonstrate that it satisfies the other two factors. *Id.*

## III. ANALYSIS

East West has not met its burden of demonstrating that the default was the product of excusable neglect, even considering the Sixth Circuit's general distaste for default judgments involving large sums of money. *See Rooks v. American Brass Co.*, 263 F.2d 166, 169 (6th Cir. 1959).

The Court has reason to believe that East West and its agent, William Stevens, are not being completely candid. In its reply in support of its motion to set aside default judgment, Defendant claimed, "Although East West was sent notice of the Court's October

4

26, 2006 hearing on damages, the notice was sent to East West's main office, not Mr. Stephens [sic]." (Reply Emergency Mot. to Set Aside Default Judgment at 6.). However, a search for "East West Motor Express, Inc." on the Westlaw's Multi-Source Business Tracker Database reveals an executive information list that includes:

        Agent Name:    STEVENS, BILL
        Agent Address: 11740 JB DRIVE
                       BLACK HAWK, SD 57718-9361

The Court's October 17, 2006, order said, "The clerk is directed to serve a copy of the order scheduling a hearing to fix damages on October 26, 2006, at 9:30 a.m. (Document # 16) upon East West Motor Express, Inc., *11740 JB Drive, Black Hawk, South Dakota 57118-9361.*"

    Notwithstanding the eleven million dollar incentive, Stevens' statements lack several other indicia of reliability. First, he does not seem very certain about his claim that he never saw the complaint:

        4.  *To the best of my knowledge*, the Waiver of Service was not accompanied by a copy of the Plaintiffs' Amended Complaint.
        5.  In fact, on Monday, November 13, 2006, I reviewed a copy of the Amended Complaint in this case, *and I believe* that it is the first time I ever saw it.

(Stevens Affidavit ¶¶ 4, 5) (emphasis added). These statements also contradict a prior statement signed by Mr. Stevens. The waiver of service explicitly stated, "I have also received a copy of the complaint, as amended, in the action."

    In response to East West's argument that Mr. Stevens did not

5

understand the consequences of executing a waiver of service, the waiver also explicitly states, "I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after August 19, 2005."

East West's and Stevens' claims are simply not credible. Even if true, however, they demonstrate culpable negligence, not excusable neglect. In order for all Defendant's statements to be true, the following also need to be true: East West's agent for service does not actually receive service at the officially listed address; East West's agent received notice of a lawsuit (i.e. the waiver) but either did not read or did not understand the explicit terms of that waiver; and East West, knowing only that there was a lawsuit against it, made very little effort to determine the nature or potential liability of the lawsuit.

East West's conduct, whether negligent or intentional, has likely prevented or delayed Plaintiffs from ascertaining the identity of other potentially culpable parties through discovery. Since the accident occurred in May 2004, the statute of limitations has run on these potential defendants.

Defendant East West has not shown excusable neglect. Therefore, this Court does not reach the issues of whether Defendant has a meritorious defense or whether setting aside default will prejudice the plaintiffs.

IV.   CONCLUSION

"Judgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter*, 705 F.2d at 845.  This is an extreme case.  For the reasons stated above, Defendant East West has not met the burden required by Rule 60(b)(1) to overturn the judgment of this Court.  Accordingly, **IT IS ORDERED** that Defendant East West Motor Express, Inc.'s motion to set aside default judgment [Record No. 29] be, and the same hereby is, **DENIED.**   In case the Court needs to spell it out again, assuming East West chooses to appeal this Court's order, it would be in the East West's best interest to make more than a token attempt to settle this matter.

This the 22nd day of December, 2006.



Signed By:

*Joseph M. Hood*

**United States District Judge**

7